1  MORGAN, LEWIS & BOCKIUS LLP
   CARRIE A. GONELL (SBN 257163)
2  cgonell@morganlewis.com
   CHRISTOPHER M. ROBERTSON (SBN 139449)
3  crobertson@morganlewis.com
   JOHN D. HAYASHI (SBN 211077)
4  jhayashi@morganlewis.com
   ALEXANDER L GRODAN (SBN 261374)
5  agrodan@morganlewis.com
   NEAL A. FISHER JR. (SBN 265596)
6  neal.fisher@morganlewis.com

7  Attorneys for Defendant
   JPMORGAN CHASE BANK, N.A.

8
                    UNITED STATES DISTRICT COURT
9
                  CENTRAL DISTRICT OF CALIFORNIA
10

11 | GERARDO MIGUEL, on behalf of          | Case No. 2-cv-03308-PSG-PLAx)
      himself and others similarly situated, |
12 |                                        | Hon. Philip S. Gutierrez
                  Plaintiff,                |
13 |                                        |
               vs.                          | **DEFENDANT'S MEMORANDUM IN**
14 |                                        | **SUPPORT OF MOTION TO COMPEL**
      JPMORGAN CHASE BANK, N.A., an         | **ARBITRATION**
15 | Ohio business entity of unknown form   |
      and DOES 1 through 100, inclusive,    | Date:        Jan. 28, 2013
16 |                                        | Time:        1:30 p.m.
                  Defendants.               | Courtroom:   880
17 |

18

19

20

21

22

23

24

25

26

27

28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
IRVINE

DB2/ 23635282.3

MEMORANDUM IN SUPPORT OF MOTION TO
COMPEL ARBITRATION
12-CV-03308-PSG-PLAX

1

## TABLE OF CONTENTS

2

**Page**

3    I.    INTRODUCTION ........................................................................1

4    II.   STATEMENT OF FACTS AND PROCEDURAL HISTORY ....................2

5          A.   Plaintiff Agreed In Writing to Arbitrate Any Employment-Related Disputes On An Individual Basis Only. ................................2

6          B.   Plaintiff's BAA Expressly Covers The Claims Alleged in His SAC. ..................................................................................4

7          C.   Chase Seeks Arbitration of Plaintiff's Claims ....................................4

8    III.  THE COURT SHOULD COMPEL PLAINTIFF TO ARBITRATE HIS CLAIMS ON AN INDIVIDUAL BASIS ONLY BECAUSE ALL OF HIS ALLEGED CAUSES OF ACTION ARE SUBJECT TO MANDATORY ARBITRATION. ................................................................5

9

10         A.   The Federal Arbitration Act and Supreme Court Authority Require The Court to Enforce Plaintiff's BAA. ..................................5

11         B.   Plaintiff's BAA Is Binding And Enforceable ........................................5

12              1.   Plaintiff Agreed to Arbitrate His Employment-Related Claims...................................................................6

13              2.   Plaintiff's BAA Encompass His Employment-Related Claims...................................................................6

14

15              3.   Courts Routinely Enforce Agreements To Arbitrate Overtime And State Law Wage and Hour Claims Containing Class Action Waivers. ............................................7

16         C.   Plaintiff's PAGA Claims Are Arbitrable..............................................9

17         D.   The D.R. Horton Decision Provides No Basis For Denying the BAA's Enforcement. ..........................................................13

18              1.   The D.R. Horton Decision Is Procedurally Invalid Because the NLRB Lacked a Quorum. ..................................13

19

20              2.   The D.R. Horton Decision Is Not Enforceable Until Approved By The Court of Appeals.......................................14

21              3.   The D.R. Horton Decision Cannot Be Applied Retroactively to Arbitration Agreements Entered Before Its Issuance. ............................................................15

22

23              4.   D.R. Horton is Not Entitled to Any Deference By This Court....................................................................16

24              5.   The FAA and Supreme Court Authority Require Enforcement of Arbitration Agreements Containing Class Action Waivers. ......................................................18

25

26              6.   The Norris-LaGuardia Act is Inapplicable ..............................20

    IV.   THE COURT SHOULD DISMISS PLAINTIFF PENDING ARBITRATION. ..............................................................................21

27   V.    CONCLUSION ..........................................................................22

28

i

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## TABLE OF AUTHORITIES

Page(s)

CASES

*14 Penn Plaza LLC v. Pyett*,
  556 U.S. 247, 129 S.Ct. 1456 (2009).................................................................. 19

*Allied Mechanical Services*,
  352 NLRB 662 (2008) ....................................................................................... 15

*Assoc. of Civilian Technicians, Silver Barons Chapter v. FLRA*,
  200 F.3d 590 (9th Cir. 2000)..............................................................................16

*AT&T Mobility LLC v. Concepcion*,
  563 U.S. __, 131 S. Ct. 1740, 179 L. Ed. 2d 742 (2011) ...........................passim

*Brown v. Ralphs Grocery Co.*,
  197 Cal. App. 4th 489 (2011)....................................................................11, 12

*Cal. Nat'l Guard v. FLRA*,
  697 F.2d 874 (9th Cir. 1983)..............................................................................16

*Carey v. 24 Hour Fitness USA, Inc.*,
  2012 WL 4754726 (S.D. Tex. Oct. 4, 2012) ....................................................17

*Chamber of Commerce of the United States of America, et al., v. NLRB*,
  No. Civ. 11-2262 (JEB), Dkt. No. 40 (D.D.C. May 14, 2012)...................13, 14

*Chiron Corp. v. Ortho Diagnostic Sys., Inc.*,
  207 F. 3d 1126 (9th Cir. 2000)............................................................................5

*Coleman v. Jenny Craig, Inc.*,
  No. 11-CV-01301-MMA-DHB, 2012 WL 3140299 (S.D. Cal. May 15,
  2012) ....................................................................................................................7

*Comedy Club, Inc. v. Improv West Assocs.*,
  553 F.3d 1277 (9th Cir. 2009).............................................................................6

*Coneff v. AT & T Corp.*,
  673 F.3d 1155 (9th Cir. 2012)........................................................................1, 8

ii

**TABLE OF AUTHORITIES**
(CONT.)

Page(s)

CASES

*D.R. Horton, Inc.*,
  357 NLRB No. 184, 2012 WL 36274 (Jan. 3, 2012) ("*D.R. Horton*").......passim

*D.R. Horton v. NLRB,*
  5th Cir. Case No. 12-60031 (filed Jan. 13, 2012) ..............................................14

*Dean Witter Reynolds, Inc. v. Byrd*,
  470 U.S. 213 (1985)..........................................................................................5

*Doctor's Assocs., Inc. v. Casarotto*,
  517 U.S. 681 (1996)........................................................................................12

*Epilepsy Foundation*,
  331 NLRB 676 (2000) .....................................................................................15

*Gilmer v. Interstate/Johnson Lane Corp.*,
  500 U.S. 20 (1991).......................................................................... 15, 18, 19, 20

*Grabowski v. C.H. Robinson*,
  2011 WL 4353998 (S.D. Cal. Sept. 19, 2011)......................................10, 12, 19

*Grabowski v. C.H. Robinson*,
  817 F. Supp. 2d 1159 (S.D. Cal. 2011) ...............................................................7

*Hoffman Plastic Compounds, Inc. v. NLRB*,
  535 U.S. 137 (2002)........................................................................................16

*Int'l Assoc. of Machinists and Aerospace Workers*,
  355 NLRB No. 174 (Aug. 27, 2010) ...............................................................16

*Jasso v. Money Mart Express, Inc.*,
  -- F. Supp. 2d. --, No. 11-CV-5500-YGR, 2012 WL 1309171 (N.D. Cal.
  Apr. 13, 2012)................................................................................. 1, 6, 7, 17

*Johnmohammadi v. Bloomingdales*,
  No. 11-CV-6434-GW ......................................................................................17

-iii-

**TABLE OF AUTHORITIES**
**(CONT.)**

Page(s)

C<small>ASES</small>

*KPMG LLP v. Cocchi*,
   132 S. Ct. 23, 181 L. Ed. 2d 323 (2011).........................................................6, 12

*Kuehner v. Dickinson & Co.*,
   84 F.3d 316 (9th Cir. 1996)..................................................................7

*LaVoice v. UBS Fin. Servs., Inc.*,
   No. 11 CIV. 2308-BSJ-JLC, 2012 WL 124590 (S.D.N.Y. Jan. 13, 2012)........18

*Lewis v. UBS Fin. Servs., Inc.*,
   818 F. Supp. 2d 1161 (N.D. Cal. 2011).............................................8

*Local 205 v. Gen. Elec. Co.*,
   233 F.2d 85 (1st Cir. 1956)..............................................................21

*Luchini v. Carmax, Inc.*,
   2012 WL 2995483 (E.D. Cal. July 23, 2012).......................................9, 10, 11

*Morvant v. P.F. Chang's China Bistro, Inc.*,
   No. 11-CV-05405-YGR, 2012 WL 1604851 (N.D. Cal. May 7, 2012)............17

*Moses H. Cone Mem'l Hosp. v. Mercury Const. Corp.*,
   460 U.S. 1, 103 S. Ct. 927, 74 L. Ed. 2d 765 (1983).........................................6

*Nelsen v. Legacy Partners Residential, Inc.*,
   207 Cal. App. 4th 1115 (2012)..................................................................14, 17

*NLRB v. Food Store Employees Union, Local 347*,
   417 U.S. 1 (1974)..............................................................................15

*NLRB v. P*I*E Nationwide, Inc.*,
   894 F.2d 887 (7th Cir. 1990)..................................................................14

*Palacios v. Boehringer Ingelheim Pharm.*,
   2011 WL 6794438 (S.D. Fl. Apr. 19, 2011)....................................................19

**TABLE OF AUTHORITIES**
**(CONT.)**

Page(s)

**CASES**

*Quevedo v. Macy's, Inc.,*
  798 F. Supp. 2d 1122 (C.D. Cal. Jun. 16, 2011) ..................................7, 9, 10, 11

*Reyes v. Liberman Broad., Inc.,*
  146 Cal. Rptr. 3d 616 (Cal. Ct. App. Aug. 31, 2012) ......................................17

*Sanders v. Swift Transp. Co. of Arizona, LLC,*
  --- F. Supp. 2d ----, No. 10-CV-03739 NC, 2012 WL 523527 (N.D. Cal.
  Jan. 17, 2012) ....................................................................................................17

*Scherk v. Alberto-Culver Co.,*
  417 U.S. 506 (1974)..............................................................................................5

*Slawienski v. Nephron Phamaceutical Corp.,*
  No. 10-CV-0460-JEC, 2010 WL 5186622 (N.D. Ga. Dec. 9, 2010)................19

*SNE Enterprises,*
  344 NLRB 673 (2005) ........................................................................................ 15

*Sparling v. Hoffman Constr. Co.,*
  864 F. 2d 638 (9th Cir. 1988).............................................................................21

*Truly Nolen of Am. v. Superior Court,*
  208 Cal. App. 4th 487, 145 Cal. Rptr. 3d 432 (Cal. Ct. App. Aug. 9, 2012).....17

*Urbino v. Orkin Servs. of Cal., Inc.,*
  No. 2:11-cv-06456-CJC-PJWx, 2011 WL 4595249 (C.D. Cal. Oct. 5,
  2011) ............................................................................................................11, 12

*Valle v. Lowe's HIW, Inc.,*
  No. 11-1489-SC, 2011 WL 3667441 (N.D. Cal. Aug. 22, 2011)...... 7, 10, 12, 19

**TABLE OF AUTHORITIES
(CONT.)**

Page(s)

STATUTES

7 U.S.C. 26(n)(2) ..................................................................8

9 U.S.C. §§ 1 *et seq.* ............................................................5

9 U.S.C. § 2 ..........................................................................6

9 U.S.C. § 3 ....................................................................21, 22

9 U.S.C. § 4 ..........................................................................5

29 U.S.C. § 103(a), (b).........................................................20

29 U.S.C. § 153(b)...............................................................13

Business & Professions Code sections 17200 *et seq.*.................4

Labor Code section 203, 510, 1194, and 1197 ......................4

Labor Code section 226 .........................................................4

Labor Code sections 2698 *et seq.* ......................................4, 9

Labor Code section 2802 .......................................................4

## I.   **INTRODUCTION**

Plaintiff Gerardo Miguel ("Plaintiff") agreed to arbitrate any employment disputes with his employer, Defendant JPMorgan Chase Bank, N.A. ("Defendant" or "Chase"), on an individual basis only.  In contravention of his agreement, Plaintiff now asserts employment claims against Chase.  Because Plaintiff refuses to abide by his arbitration agreement and arbitrate his dispute, Chase seeks to compel arbitration on an individual basis, and dismiss or stay his claims pending arbitration.

As the U.S. Supreme Court recently confirmed, the Federal Arbitration Act ("FAA") reflects "a liberal federal policy favoring arbitration" and requires courts to enforce arbitration agreements according to their terms, especially where, like here, the parties seek to "achieve streamlined proceedings and expeditious results." *AT&T Mobility LLC v. Concepcion*, 563 U.S. __, 131 S. Ct. 1740, 1749, 179 L. Ed. 2d 742 (2011) (internal citations omitted).  Accordingly, "under *Concepcion*, arbitration agreements will be enforced *in all but the most limited of circumstances*."  *Jasso v. Money Mart Express, Inc.*, -- F. Supp. 2d. --, No. 11-CV-5500-YGR, 2012 WL 1309171, *6 (N.D. Cal. Apr. 13, 2012) (emphasis added).

Furthermore, since the Supreme Court issued *Concepcion*, federal courts have repeatedly concluded that *Concepcion* overrules or abrogates prior rulings declining to enforce arbitration agreements containing class and/or collective action waivers.  *Coneff v. AT & T Corp.*, 673 F.3d 1155 (9th Cir. 2012) (holding that, under *Concepcion*, the FAA preempted state law invalidating class action waivers as substantively unconscionable and rejecting plaintiffs' "vindication of statutory rights" argument; *Jasso*, 2012 WL 1309171, *6 (holding that class action waivers were enforceable and compelling individual arbitration).

Accordingly, the Court should follow this long line of case authority and compel Plaintiff's claims to individual arbitration and dismiss or stay his claims.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
IRVINE

DB2/ 23635282.3

1

MEMORANDUM IN SUPPORT OF MOTION TO
COMPEL ARBITRATION
12-CV-03308-PSG-PLAX

## II.   STATEMENT OF FACTS AND PROCEDURAL HISTORY

### A.   Plaintiff Agreed In Writing to Arbitrate Any Employment-Related Disputes On An Individual Basis Only.

Plaintiff worked as an hourly employee at Defendant's bank branch located in Sun Valley, California from approximately October 2010 until November 2011. Second Amended Complaint ("SAC") ¶ 10.  As part of his employment with Chase, Plaintiff voluntarily agreed to arbitrate any and all disputes arising out of his employment with Chase before the American Arbitration Association ("AAA"). Specifically, Plaintiff signed an employment offer letter containing an acknowledgment to be bound by Chase's "Binding Arbitration Agreement" ("BAA"), which manifested his consent to bring employment-related claims against Chase in arbitration, including all of the claims alleged in the SAC.  Declaration of Magay Denis-Roman ("Denis-Roman Decl."), at ¶ 10, Ex. 3.

The BAA provides, in pertinent part, that:

> 1. SCOPE: Any and all "Covered Claims" (as defined below) between me and JPMorgan Chase (collectively "Covered Parties" or "Parties", individually each a "Covered Party" or "Party") shall be submitted to and resolved by final and binding arbitration in accordance with this Agreement.
>
> 2. COVERED CLAIMS: "Covered Claims" include **all legally protected employment-related claims** . . . that I have or in the future may have against JPMorgan Chase or its officers, directors, shareholders, employees or agents which arise out of or relate to my employment or separation from employment with JPMorgan Chase and all legally protected employment-related claims that JPMorgan Chase has or in the future may have against me, including, but not limited to, claims of employment discrimination or harassment if protected by applicable federal, state or local law, and retaliation for raising discrimination or harassment claims, **failure to pay wages, bonuses or other compensation**, tortious acts, wrongful, retaliatory and/or constructive discharge, breach of an express or implied contract, promissory estoppel, unjust enrichment, **and violations of any other common law, federal, state, or local statute, ordinance, regulation or public policy**, including, but not limited to Title VII of the Civil Rights Act of 1964, the Civil Rights Acts of 1866 and 1991, the Age Discrimination in Employment Act of 1967, the Older Workers Benefit Protection Act of 1990, the Rehabilitation Act of 1973,

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
IRVINE

DB2/ 23635282.3

2

MEMORANDUM IN SUPPORT OF MOTION TO
COMPEL ARBITRATION
12-CV-03308-PSG-PLAX

the Americans with Disabilities Act of 1990, the Family and Medical Leave Act of 1993, the Fair Labor Standards Act of 1938, the Equal Pay Act of 1963, Section 1981 of the Civil Rights Act, the Worker Adjustment and Retraining Notification Act, and the Sarbanes-Oxley Act of 2002.

Denis-Roman Decl. at ¶ 7, Ex. 1 at ¶¶ 1, 2 (emphasis added).[1]  Furthermore, Plaintiff agreed to arbitrate any such claims on an individual basis only, thereby waiving his right to participate in a class, collective, or representative action:

4. CLASS ACTION/COLLECTIVE ACTION WAIVER: **All Covered Claims under this Agreement must be submitted on an individual basis. No claims may be arbitrated on a class or collective basis. Covered Parties expressly waive any right with respect to any Covered Claims to submit, initiate, or participate in a representative capacity or as a plaintiff, claimant or member in a class action, collective action, or other representative or joint action**, regardless of whether the action is filed in arbitration or in court. Furthermore, if a court orders that a class, collective, or other representative or joint action should proceed, in no event will such action proceed in the arbitration forum. Claims may not be joined or consolidated in arbitration with disputes brought by other individual(s), unless agreed to in writing by all parties.

The arbitrator's authority to resolve disputes and make awards under this Agreement is limited to disputes between: (i) an individual and JPMorgan Chase; and (ii) the individual and any current or former officers, directors, employees and agents, if such individual is sued for conduct within the scope of their employment. No arbitration award or decision will have any preclusive effect as to issues or claims in any dispute with anyone who is not a named party to the arbitration.

Denis-Roman Decl., ¶ 7, Ex. 1 at ¶ 4 (emphasis added and in original).

**B.    Plaintiff's BAA Expressly Covers The Claims Alleged in His SAC.**

Plaintiff's BAA expressly covers the claims alleged in his operative SAC. Plaintiff seeks relief for the following alleged causes of action:

- Alleged failure to pay wages for time worked maintaining uniforms,

---

[1] "JPMorgan Chase" is defined in the BAA to include JPMorgan Chase & Co., JPMorgan Chase Bank, N.A., and Chase Investment Services Corp ("CISC"). Denis-Roman Decl., ¶ 7, Ex. 1.

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
IRVINE

DB2/ 23635282.3

3

MEMORANDUM IN SUPPORT OF MOTION TO COMPEL ARBITRATION
12-CV-03308-PSG-PLAX

pursuant to Labor Code section 203, 510, 1194, and 1197;

- Alleged failure to maintain and provide accurate itemized statements, pursuant to Labor Code section 226;

- Alleged failure to reimburse for cost of uniform maintenance, pursuant to Labor Code section 2802;

- Alleged civil penalties under the Labor Code Private Attorneys General Act ("PAGA"), pursuant to Labor Code sections 2698 *et seq.*; and

- Alleged unfair business practices under Business & Professions Code sections 17200 *et seq.*

SAC ¶¶ 19-54.

All of Plaintiff's claims arise under California law, and therefore are alleged violations of "state, or local statute[s]" for "failure to pay wages, bonuses or other compensation" and are also expressly covered by the BAA.  Denis-Roman Decl., ¶ 7, Ex. 1 at  ¶ 2.  Thus, all of Plaintiff's claims fall squarely within the scope of his BAA, and Plaintiff must pursue his claims in individual, non-class arbitration.

## C.   Chase Seeks Arbitration of Plaintiff's Claims.

Counsel for Chase issued a written demand to Plaintiff's counsel to arbitrate his claims, and met and conferred with Plaintiff's counsel pursuant to Civil Local Rule 7-3.  Declaration of Carrie A. Gonell ("Gonell Decl."), ¶ 2.  Plaintiff refused to submit his claims to arbitration.  *Id.*

## III.   THE COURT SHOULD COMPEL PLAINTIFF TO ARBITRATE HIS CLAIMS ON AN INDIVIDUAL BASIS ONLY BECAUSE ALL OF HIS ALLEGED CAUSES OF ACTION ARE SUBJECT TO MANDATORY ARBITRATION.

### A.   The Federal Arbitration Act and Supreme Court Authority Require The Court to Enforce Plaintiff's BAA.

The Federal Arbitration Act ("FAA"), 9 U.S.C. §§ 1 *et seq.*, requires federal courts to compel the arbitration of any claims covered by an arbitration agreement. *See Dean Witter Reynolds, Inc. v. Byrd*, 470 U.S. 213, 218 (1985) ("By its terms,

Morgan, Lewis &
Bockius LLP
Attorneys At Law
Irvine

DB2/ 23635282.3

4

MEMORANDUM IN SUPPORT OF MOTION TO
COMPEL ARBITRATION
12-CV-03308-PSG-PLAX

1   the Act leaves no place for the exercise of discretion by a district court, but instead

2   mandates that district courts shall direct the parties to proceed to arbitration on

3   issues as to which an BAA has been signed."); *see also Scherk v. Alberto-Culver*

4   *Co.*, 417 U.S. 506, 511 (1974) ("[Section] 4 of the Act directs a federal court to

5   order parties to proceed to arbitration if there has been a 'failure, neglect, or refusal'

6   of any party to honor an agreement to arbitrate.").

7       As the Supreme Court has recently re-affirmed, states cannot apply to

8   arbitration agreements any rule of enforceability different from or more rigorous

9   than that applied to other contracts. *Concepcion*, 131 S. Ct. at 1745 ("[C]ourts must

10  place arbitration agreements on an equal footing with other contracts and enforce

11  them according to their terms.") (internal citations omitted).

### B.    Plaintiff's BAA Is Binding And Enforceable.

13      In the Ninth Circuit, when considering a motion to compel arbitration, the

14  Court's role is limited to answering two questions:  (1) does a valid agreement to

15  arbitrate exist; and, if it does, (2) does the arbitration agreement encompass the

16  dispute or claims at issue? *Chiron Corp. v. Ortho Diagnostic Sys., Inc.*, 207 F. 3d

17  1126, 1130 (9th Cir. 2000).  Where, as here, the answer to both of these questions is

18  "yes," the Court must compel arbitration.  9 U.S.C. § 4.

19      In answering these questions, Supreme Court and Ninth Circuit precedent

20  requires the Court to apply a presumption of arbitrability such that "any doubts

21  concerning the scope of arbitrable issues should be resolved in favor of arbitration."

22  *Moses H. Cone Mem'l Hosp. v. Mercury Const. Corp.*, 460 U.S. 1, 24-25, 103 S.

23  Ct. 927, 74 L. Ed. 2d 765 (1983); *Comedy Club, Inc. v. Improv West Assocs.*, 553

24  F.3d 1277, 1284 (9th Cir. 2009) (an arbitration agreement is presumed enforceable

25  *unless* it may be said with "positive assurance" that the arbitration clause is "not

26  susceptible of an interpretation" that covers the asserted dispute).

27      As discussed below, a valid arbitration agreement exists between the parties,

28  and the arbitration agreement encompasses all of the claims alleged in the SAC .

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
IRVINE

DB2/ 23635282.3

5

MEMORANDUM IN SUPPORT OF MOTION TO
COMPEL ARBITRATION
12-CV-03308-PSG-PLAX

### 1.    Plaintiff Agreed to Arbitrate His Employment-Related Claims.

Section 2 of the FAA provides that agreements to arbitrate "shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract."  9 U.S.C. § 2.  The reach of the FAA is broad, and requires courts to enforce arbitration agreements even if the action includes non-arbitrable claims.  *KPMG LLP v. Cocchi*, 132 S. Ct. 23, 24, 181 L. Ed. 2d 323 (2011).  Accordingly, "under *Concepcion*, arbitration agreements will be enforced *in all but the most limited of circumstances*."  *Jasso v. Money Mart Express, Inc.*, No. 11-CV-5500-YGR, 2012 WL 1309171, *6 (N.D. Cal. Apr. 13, 2012) (emphasis added).  Furthermore, even if state arbitration rules are "desirable for other reasons," such rules cannot be enforced if they are inconsistent with the FAA. *Concepcion*, 131 S. Ct. at 1753.

In this action, it is undeniable that Plaintiff agreed to arbitrate his disputes on an individual basis.  On his employment offer letters, Plaintiff acknowledged his agreement to arbitrate disputes, including the class, collective, and representative action waiver contained in that agreement.  Denis-Roman Decl., ¶ 10, Ex. 3. Accordingly, Plaintiff cannot dispute that he agreed to arbitrate claims pursuant to the BAA.

### 2.    Plaintiff's BAA Encompass His Employment-Related Claims.

Agreements to arbitrate employment-related claims are enforceable under the FAA, including wage and hour claims like those at issue here.  *See, e.g.,  Kuehner v. Dickinson & Co.*, 84 F.3d 316, 319-20 (9th Cir. 1996).

In the instant action, Plaintiff's employment-related claims fall squarely within the scope of his BAA.  Plaintiff alleges claims under California state law that Chase failed to pay him wages, failed to provide accurate itemized wage statements, and failed to reimburse him for the cost of uniform maintenance.  SAC, ¶¶ 19-54.  These claims are all "Covered Claims" as defined in the BAA.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
IRVINE

DB2/ 23635282.3

6

MEMORANDUM IN SUPPORT OF MOTION TO
COMPEL ARBITRATION
12-CV-03308-PSG-PLAX

1    Plaintiff's BAA unequivocally states that: "Any and all 'Covered Claims'. . .

2    shall be submitted to and resolved by final and binding arbitration in accordance

3    with this Agreement."  Denis-Roman Decl., ¶ 7, Ex. 1 at ¶ 1.  "Covered Claims" are

4    defined to include "all legally protected employment-related claims," including

5    claims for "failure to pay wages, bonuses or other compensation" and "violations of

6    any other common law, federal, state, or local statute," and claims under "the Fair

7    Labor Standards Act."  Denis-Roman Decl., ¶ 7, Ex. 1 at ¶ 2.  Plaintiff cannot

8    dispute that his alleged state law claims are "Covered Claims" under the express

9    terms of his BAA.

10   ### 3.   Courts Routinely Enforce Agreements To Arbitrate Overtime And State Law Wage and Hour Claims Containing Class Action Waivers.

11

12   Courts routinely compel individual arbitration of wage and hour claims,

13   including the California law claims brought by Plaintiff here.  *See*, *e.g.*, *Kuehner v.*

14   *Dickinson & Co*., 84 F.3d 316, 319-20 (9th Cir. 1996) (affirming decision to

15   compel arbitration of overtime claims); *Jasso*, 2012 WL 1309171, at *6

16   (compelling individual arbitration); *Coleman v. Jenny Craig, Inc.*, No. 11-CV-

17   01301-MMA-DHB, 2012 WL 3140299 (S.D. Cal. May 15, 2012) (same); *Morvant*

18   *v. P.F. Chang's China Bistro, Inc.*, -- F. Supp. 2d. --, No. 11-CV-05405-YGR, 2012

19   WL 1604851 (N.D. Cal. May 7, 2012) (same); *Quevedo v. Macy's, Inc.*, 798 F.

20   Supp. 2d 1122, 1142-43 (C.D. Cal. Jun. 16, 2011) (same); *Grabowski v. C.H.*

21   *Robinson*, 817 F. Supp. 2d 1159 (S.D. Cal. 2011) (same); *Valle v. Lowe's HIW,*

22   *Inc*., No. 11-1489-SC, 2011 WL 3667441 (N.D. Cal. Aug. 22, 2011) (same);  *Lewis*

23   *v. UBS Fin. Servs.*, *Inc.*, 818 F. Supp. 2d 1161, 1166-67 (N.D. Cal. 2011) (same).).

24   Since *Concepcion*, the Supreme Court has reconfirmed the "limited"

25   circumstances where the FAA is not preempted.  In *CompuCredit Corp. v.*

26   *Greenwood*, the Supreme Court held that the FAA preempts federal statutes <u>unless</u>

27   the federal statute expressly precludes arbitration.  132 S. Ct. 665, 181 L. Ed. 2d

28   596 (Jan. 12, 2012).  The Supreme Court identified federal statutes that met this

Morgan, Lewis & Bockius LLP
Attorneys At Law
Irvine

DB2/ 23635282.3

7

MEMORANDUM IN SUPPORT OF MOTION TO COMPEL ARBITRATION
12-CV-03308-PSG-PLAX

1   standard, holding that statutory language such as "No predispute arbitration

2   agreement shall be valid or enforceable, if the agreement requires arbitration of a

3   dispute arising under this section" (7 U.S.C. 26(n)(2)) was sufficient to preempt the

4   FAA.  None of the Labor Code provisions alleged in Plaintiff's SAC, however,

5   contains any such language, and therefore does not preempt the FAA.

6      Applying the reasoning in *CompuCredit*, the Ninth Circuit has held that state

7   statutes – like the California Labor Code – cannot preempt the FAA.  *Coneff v. AT*

8   *& T Corp.,* 673 F.3d 1155, 1161 (9th Cir. 2012) (holding that the FAA preempted

9   Washington state law invalidating class-action waivers).  Consequently, the FAA

10  preempts state law, and Plaintiff's state law claims are arbitrable.

11     Considering the guidance of *Concepcion* and the weight of controlling

12  authority in support of arbitration, Plaintiff's BAA is enforceable.  As demonstrated

13  above, Plaintiff consented to the terms of his BAA by signing an acknowledgement

14  to be bound by its terms.  In so doing, Plaintiff also agreed to "expressly waive any

15  right with respect to any Covered Claims to submit, initiate, or participate in a

16  representative capacity or as a plaintiff, claimant or member in a class action,

17  collective action, or other representative or joint action, regardless of whether the

18  action is filed in arbitration or in court."  Denis-Roman Decl. ¶ 7, Ex. 1 at ¶ 4.

19     According to the express terms of his BAA, Plaintiff has waived his right to

20  bring a class or collective action against Chase.  Consequently, he must arbitrate his

21  alleged employment-related claims on an individual basis only in accordance with

22  his BAA.

23  **C.   Plaintiff's PAGA Claims Are Arbitrable**

24     Plaintiff may argue that his representative claims under California's Private

25  Attorneys General Act ("PAGA"), Labor Code sections 2698 *et seq.*, cannot be

26  arbitrated.  Plaintiff would be mistaken.

27     Like class and collective action waivers, representative action waivers are

28  also enforceable.  *Luchini v. Carmax, Inc.*, 2012 WL 2995483, at *13-*14 (E.D.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
IRVINE

DB2/ 23635282.3

8

MEMORANDUM IN SUPPORT OF MOTION TO
COMPEL ARBITRATION
12-CV-03308-PSG-PLAX

1   Cal. July 23, 2012); *Quevedo,* 2011 WL 3135052, at *17.  Under controlling

2   Supreme Court precedent, states cannot condition the enforceability of arbitration

3   agreements on the availability of representative arbitration procedures.  *Id.*  To hold

4   to the contrary would require the court to enforce a state law rule that stands as an

5   "obstacle" to the accomplishment of the FAA's objectives of promoting arbitration

6   and ensuring that private arbitration agreements are enforced according to their

7   terms.  *Luchini,* 2012 WL 2995483, at *14 ("Under the FAA, the arbitration

8   agreement, including its class waiver, must be enforced according to its terms,

9   despite the attributes of PAGA.");  *Quevedo,* 2011 WL 3135052, at *17

10  ("[R]equiring arbitration agreements to allow for representative PAGA claims on

11  behalf of other employees would be inconsistent with the FAA").  Allowing

12  arbitration of representative claims, such as PAGA claims on behalf of all

13  aggrieved employees, "would, like class claims, make for a slower, more costly

14  process" in violation of the Supreme Court's holding in *Concepcion,* and would

15  improperly "increas[e] risks to defendants" because a defendant "would run the risk

16  that an erroneous decision on a PAGA claim on behalf of many employees would

17  'go uncorrected' given the 'absence of multilayered review.'"  *Quevedo,* 2011 WL

18  3135052, at *17.  Consequently, arbitration of anything but an individual PAGA

19  action would be "poorly suited to the higher stakes of a collective PAGA action."

20  *Id.*  ("*Concepcion* makes clear . . . that the state cannot impose such a requirement

21  because it would be inconsistent with the FAA.");  *Luchini,* 2012 WL 2995483 at

22  *14 ("Like other courts, this Court views PAGA as an obstacle to enforcement of

23  arbitration agreements governed by the FAA.").

24       Following this reasoning, the court in *Luchini* ordered arbitration of

25  plaintiff's individual claims and dismissed his class, collective, and representative

26  claims.  *Luchini,* 2012 WL 2995483 at *1.  Likewise, the court in *Quevedo*

27  determined that plaintiff could not pursue his PAGA claim on behalf of other

28  employees because he signed an arbitration agreement that denied the arbitrator

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
IRVINE

DB2/ 23635282.3

9

MEMORANDUM IN SUPPORT OF MOTION TO
COMPEL ARBITRATION
12-CV-03308-PSG-PLAX

1  "the power to hear an arbitration as a class or collective action."  As defined in the

2  agreement the *Quevedo* plaintiff signed, a "collective action 'involves

3  representative members of a large group, who claim to share a common interest,

4  seeking relief on behalf of the group.'"  *Id.* at *16.  The *Quevedo* court enforced the

5  agreement and compelled individual arbitration.  *Id.* at *17.

6       Other District Courts are in accord.  *See, e.g. Grabowski*, 2011 WL 4353998

7  (finding that allowing plaintiffs to proceed with representative claims under PAGA

8  when they have executed arbitration agreements with class action waivers would be

9  inconsistent with the FAA and are thus preempted); *Valle*, 2011 WL 3667441

10  (compelling arbitration of PAGA claims); *Nelson*, 2011 WL 3651153 (finding that,

11  under *Concepcion* and the FAA, a state cannot "prohibit outright the arbitration of a

12  particular type of claim," like PAGA).

13       Like the plaintiffs in these cases, Plaintiff in this action agreed to arbitration

14  provisions that precludes him from pursuing claims in a representative capacity.

15  Denis-Roman Decl., ¶ 7, Ex. 1 at ¶ 4.  Plaintiff agreed to arbitrate all employment-

16  related claims on an individual basis, and agreed that he would not "submit, initiate,

17  or participate in a representative capacity or as a plaintiff, claimant or member in a

18  class action, collective action, or other representative or joint action."  *Id.*  While

19  Plaintiff may bring such individual claims in arbitration, he expressly waived any

20  right to proceed on a class, collective, or representative basis, and that agreement

21  must be enforced under the FAA.  Accordingly, like the arbitration agreements

22  enforced in *Luchini, Quevedo*, and the other decisions cited above, the Court here

23  should enforce the parties' Arbitration Agreement and compel arbitration of

24  Plaintiff's claims on an individual basis.

25       Plaintiff might attempt to rely on *Urbino v. Orkin Servs. of Cal., Inc.*, No.

26  2:11-cv-06456-CJC-PJWx, 2011 WL 4595249 (C.D. Cal. Oct. 5, 2011), to argue

27  the BAA he signed should not be enforced.  This argument would be unpersuasive.

28  In *Urbino,* the District Court considered defendants' motion to compel arbitration

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
IRVINE

DB2/ 23635282.3

10

MEMORANDUM IN SUPPORT OF MOTION TO
COMPEL ARBITRATION
12-CV-03308-PSG-PLAX

1  of plaintiff's PAGA claim based on a written arbitration agreement that precluded

2  him from bringing a class action, private attorney general action, or similar

3  representative action.  *Id.* at *1.  Relying on the California Court of Appeal decision

4  *Brown v. Ralphs Grocery Co.*, 197 Cal. App. 4th 489 (2011), the *Urbino* court

5  determined that the PAGA arbitration waiver was unconscionable and

6  unenforceable because it contradicted the purposes of a representative action under

7  PAGA.  *Id.* at *11.  Although defendants argued that such waivers were enforceable

8  after *Concepcion*, the *Urbino* court responded that defendants had not explained

9  how *Concepcion* applied to a nonclass PAGA claim and that, even if *Concepcion*

10  applied, that decision did not provide that a public right, such as that created under

11  PAGA, could be waived if such a waiver is contrary to state law.  *Id.* at *11.

12  As acknowledged by several other District Courts, the legal reasoning in

13  *Brown* is flawed because "*Brown* fails to reconcile the U.S. Supreme Court's

14  directives that the FAA displaces outright state law prohibition of 'arbitration of a

15  particular type of claim' and that a state is unable to require a procedure

16  inconsistent with the FAA, 'even if it is desirable for unrelated reasons." *Luchini,*

17  2012 WL 299548 at *14; *see also Quevedo*, 2011 WL 3135052 (finding that

18  although a state might reasonably wish to require arbitration agreements to allow

19  for collective PAGA actions, *Concepcion* makes clear that the state cannot impose

20  such a requirement because it would be inconsistent with the FAA); *Nelson*, 2011

21  WL 3651153 (agreeing with *Quevedo* and concluding that *Concepcion* makes clear

22  that a state cannot require a procedure that is inconsistent with the FAA, nor can a

23  state "prohibit[] outright the arbitration of a particular type of claim") (internal

24  citations omitted); *Valle*, 2011 WL 367441 (finding that plaintiffs' PAGA claim is

25  a state-law claim, and states may not exempt claims from the FAA); *Grabowski*,

26  2011 WL 4353998 (finding that allowing plaintiffs to proceed with representative

27  claims under PAGA when they have executed arbitration agreements with class

28  action waivers would be inconsistent with the FAA and are thus preempted).

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
IRVINE

DB2/ 23635282.3

11

MEMORANDUM IN SUPPORT OF MOTION TO
COMPEL ARBITRATION
12-CV-03308-PSG-PLAX

1    Accordingly, to the extent *Urbino* relies on *Brown*, its legal reasoning is flawed as

2    well.  Furthermore, *Brown* is <u>not</u> controlling on this Court and is not persuasive.

3         Specifically, applying *Urbino* to this action would mean that the Arbitration

4    Agreement to which Plaintiff consented in writing would be unenforceable because

5    of state law, which directly contradicts U.S. Supreme Court precedent.  *See*

6    *Concepcion*, 131 S. Ct. at 1745-47 ("When state law prohibits outright the

7    arbitration of a particular type of claim, the analysis is straightforward: The

8    conflicting rule is displaced by the FAA."); *Doctor's Assocs., Inc. v. Casarotto*, 517

9    U.S. 681, 687 (1996) ("Courts may not . . . invalidate arbitration agreements under

10   state laws applicable only to arbitration provisions."); *see also Valle*, 2011 WL

11   3667441 at *6 ("Plaintiff's PAGA claim is a state law claim, and states may not

12   exempt claims from the FAA.") (citing *Doctor's Assocs.*, 517 U.S. at 687).  It

13   would further contradict the Supreme Court's holding in *CompuCredit* that only

14   Congress can exempt statutes from the FAA, and only if that exemption is

15   "overridden by a contrary congressional command."  *CompuCredit,* 132 S. Ct. at

16   669.  PAGA is not a federal statute, and it includes no such contrary congressional

17   command for exemption from the FAA.

18        As discussed above, numerous federal courts have determined that class,

19   collective, and/or representative action waivers are enforceable.  Because Plaintiff

20   consented, in writing, to forgo bringing an action against Defendant in a

21   representative capacity, he must arbitrate his claims on an individual, non-class

22   basis pursuant to the BAA.

> **D.    The *D.R. Horton* Decision Provides No Basis For Denying the BAA's Enforcement.**

24        Chase anticipates that Plaintiff may attempt to rely on the decision by *two* of

25   what is supposed to be a *five*-member National Labor Relations Board ("NLRB") in

26   *D.R. Horton, Inc.*, 357 NLRB No. 184, 2012 WL 36274 (Jan. 3, 2012) ("*D.R.*

27   *Horton*") to argue that the class action waiver in his BAA is unenforceable as a

28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
IRVINE

DB2/ 23635282.3

12

MEMORANDUM IN SUPPORT OF MOTION TO
COMPEL ARBITRATION
12-CV-03308-PSG-PLAX

violation of Section 8(a)(1) of the National Labor Relations Act ("NLRA").   Such arguments would have no merit, because *D.R. Horton* is procedurally invalid, is not binding on this Court, and contradicts the decisions of the U.S. Supreme Court and numerous Circuits holding class and collective action waivers enforceable.

       1.    The *D.R. Horton* Decision Is Procedurally Invalid Because the NLRB Lacked a Quorum.

The *D.R. Horton* decision is procedurally invalid because the NLRB lacked a sufficient quorum to issue the decision.  With only two members participating (instead of the required quorum of three), the NLRB lacked legal authority to render a decision at all, and thus *D.R. Horton* is void.  *See* 29 U.S.C. § 153(b) ("[T]hree members of the Board shall, at all times, constitute a quorum of the Board.").

In *Chamber of Commerce of the United States of America, et al., v. NLRB*, No. Civ. 11-2262 (JEB), Dkt. No. 40 (D.D.C. May 14, 2012), the district court held that the NLRB did not hold a proper quorum when only two of three Board members voted on amendments to NLRB rules governing disputes about union representation.  The district court invalidated the amended rule, holding, "because no quorum ever existed for the pivotal vote in question, the Court must hold that the challenged rule is invalid."  Sl. Op. at 1.  Distinguishing between "participating" in the vote and "mere presence" on the Board, the court held that Board Member Hayes, who did not vote on the amended rules, could not be counted as part of a quorum "merely because he was a member of the Board at the time the rule was adopted."  Sl. Op. at 9.  Just like the amended rules at issue in *Chamber of Commerce*, Board Member Hayes also did not participate in the *D.R. Horton* decision.  *D.R. Horton*, 357 NLRB No. 184 at 1 fn.1 ("Member Hayes is recused and **did not participate** in deciding the merits of the case.") (emphasis added).  Since only two Board Members participated in the *D.R. Horton* decision, the Board did not have a quorum and the *D.R. Horton* decision is invalid.

Morgan, Lewis &
Bockius LLP
Attorneys At Law
Irvine

13

DB2/ 23635282.3

MEMORANDUM IN SUPPORT OF MOTION TO
COMPEL ARBITRATION
12-CV-03308-PSG-PLAX

Even if this Court should find that the quorum requirements were satisfied in *D.R. Horton*, this Court may consider the fact that only two Board members participated in the *D.R. Horton* opinion when weighing the persuasive value of that opinion. In *Nelsen v. Legacy Partners Residential, Inc.*, 207 Cal. App. 4th 1115, 1133 (2012), for example, the California Court of Appeal found *D.R. Horton* unpersuasive because "two Board members subscribed to it, and the subscribing members therefore lacked the benefit of dialogue with a full board or dissenting colleagues."

Consequently, *D.R. Horton* should be disregarded because it was procedurally invalid, and at the least any persuasive value discounted because only two Board members subscribed to it.

           2.     The *D.R. Horton* Decision Is Not Enforceable Until Approved By The Court of Appeals.

*D.R. Horton* is also procedurally invalid because NLRB decisions are not self-enforcing – the NLRB must petition a court of appeal to enforce its decision. *NLRB v. P\*I\*E Nationwide, Inc.*, 894 F.2d 887, 893 (7th Cir. 1990) ("The Board . . . still must go to a court of appeals and ask that court to issue an order enforcing the Board's order."). In *D.R. Horton*, the NLRB has not obtained an Order enforcing its decision, and therefore it is not binding even upon the parties in *D.R. Horton*, let alone on this Court. *Id*. In fact, *D.R. Horton* is currently on appeal to the Fifth Circuit. *D.R. Horton v. NLRB,* 5th Cir. Case No. 12-60031 (filed Jan. 13, 2012).

           3.     The *D.R. Horton* Decision Cannot Be Applied Retroactively to Arbitration Agreements Entered Before Its Issuance.

The *D.R. Horton* decision has no retroactive effect and would not apply to arbitration contracts entered into **before** it was issued – like the BAA at issue here. Decisions of the NLRB have no retroactive effect unless the NLRB meets its own

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
IRVINE

DB2/ 23635282.3

14

MEMORANDUM IN SUPPORT OF MOTION TO
COMPEL ARBITRATION
12-CV-03308-PSG-PLAX

stringent standards[2] by stating *in its decision* the basis for retroactive effect, and absent such basis, federal courts may not give NLRB decisions retroactive effect. *See NLRB v. Food Store Employees Union, Local 347*, 417 U.S. 1, 10 (1974) (reversing D.C. Circuit's retroactive application of new NLRB decision "because the Board should be given the first opportunity to determine whether the new policy should be applied retroactively").  Here, the NLRB did not indicate that *D.R. Horton* should apply retroactively, and this Court therefore cannot give retroactive effect to that decision by applying it to the Plaintiff's BAA – an agreement that the parties entered into long before the NLRB issued *D.R. Horton*.

Furthermore, at the time Plaintiff executed his BAA, existing law as reflected in a Guideline Memorandum authored and published by the NLRB's then-General Counsel, Ronald Meisburg, was that "an employer's conditioning employment on an employee's agreeing that the employee's individual non-NLRA statutory employment claims will be resolved in an arbitral forum is permissible under the Supreme Court's holding in *Gilmer*."  Memorandum GC 10-06 (Jun. 16, 2010), available at https://www.nlrb.gov/publications/general-counsel-memos.  Applying *D.R. Horton* retroactively would upset the settled law at the time that Chase and Plaintiff entered into the BAA.  Under the NLRB's own standard for determining retroactive effect, *D.R. Horton* would work a manifest injustice if applied retroactively, and therefore cannot be so applied.  *See Int'l Assoc. of Machinists and Aerospace Workers*, 355 NLRB No. 174 (Aug. 27, 2010) (holding that a ruling would not be applied retroactively where "consistent court approval," "the lack of

---

[2] Before the NLRB may make a decision retroactive, it must consider the following factors: (1) the reliance of the parties on preexisting law; (2) the effect of retroactivity on accomplishment of the purposes of the NLRA; and (3) any particular injustice arising from retroactive application. *Allied Mechanical Services*, 352 NLRB 662 (2008); *SNE Enterprises*, 344 NLRB 673, 673 (2005); *Epilepsy Foundation*, 331 NLRB 676, 679 (2000), enf. denied 268 F.3d 268 F.3d 1095 (D.C. Cir. 2001).

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
IRVINE

DB2/ 23635282.3

15

MEMORANDUM IN SUPPORT OF MOTION TO
COMPEL ARBITRATION
12-CV-03308-PSG-PLAX

1   any contrary indication by the Board, and the General Counsel's previous advice"

2   could have led a party to reasonably believe its actions were lawful).  For this

3   reason, *D.R. Horton* should not and cannot be applied here.

4          4.   *D.R. Horton* is Not Entitled to Any Deference By This Court.

5          NLRB decisions are not entitled to any deference to the extent they interpret

6   statutes other than the NLRA, or attempt to accommodate or reconcile the NLRA

7   with other statutes.  *See Hoffman Plastic Compounds, Inc. v. NLRB*, 535 U.S. 137,

8   144 (2002) (holding that NLRB decisions interpreting statutes other than the NLRA

9   are not entitled to deference); *Assoc. of Civilian Technicians, Silver Barons*

10  *Chapter v. FLRA*, 200 F.3d 590, 592 (9th Cir. 2000) ("[C]ourts do not owe

11  deference to an agency's interpretation of a statute it is not charged with

12  administering or when an agency resolves a conflict between its statute and another

13  statute."); *Cal. Nat'l Guard v. FLRA*, 697 F.2d 874, 878-79 (9th Cir. 1983) (holding

14  that federal agency is not entitled to deference when interpreting statutes other than

15  the statute which it is entrusted to administer or when attempting to "conciliate" its

16  statute with another statute).

17         Here, the *D.R. Horton* decision should not be entitled to any deference

18  because the NLRB reached its decision by interpreting the NLRA, the FAA, and the

19  Norris-LaGuardia Act, purporting to resolve a conflict between those statutes.  357

20  NLRB No. 184, at 5, 8.  The NLRB, however, is **not** charged with administering

21  either the FAA or the Norris-LaGuardia Act, and neither its purported

22  "accommodation" of the NLRA and the FAA, much less its erroneous declaration

23  that the Norris-LaGuardia Act partially repealed the FAA, are entitled to any

24  deference.

25         For this reason, numerous federal and state courts have rejected *D.R. Horton*

26  and proclaimed that it is entitled to no deference.  *See, e.g., Carey v. 24 Hour*

27  *Fitness USA, Inc.*, 2012 WL 4754726, at *1 (S.D. Tex. Oct. 4, 2012) ("The *Horton*

28  decision has been widely criticized by many district courts who have refused to

Morgan, Lewis &
Bockius LLP
Attorneys At Law
Irvine

DB2/ 23635282.3

16

MEMORANDUM IN SUPPORT OF MOTION TO
COMPEL ARBITRATION
12-CV-03308-PSG-PLAX

1   follow its ruling."); *Reyes v. Liberman Broad., Inc.*, 146 Cal. Rptr. 3d 616, 635

2   (Cal. Ct. App. Aug. 31, 2012) ("California authority finds *D.R.*

3   *Horton*....unpersuasive."); *Truly Nolen of Am. v. Superior Court*, 208 Cal. App. 4th

4   487, 514-15, 145 Cal. Rptr. 3d 432, 452 (Cal. Ct. App. Aug. 9, 2012) ("[W]e find

5   the NLRB's conclusion on the [FAA] preemption issue to be unpersuasive and we

6   decline to follow it....In light of this clear authority, *Horton's* analysis is

7   unsupported."); *Nelsen v. Legacy Partners Residential, Inc.*, 207 Cal. App. 4th

8   1115, 1132-33,144 Cal. Rptr. 3d 198, 213 (Cal. Ct. App. July 18, 2012) (finding

9   *D.R. Horton* unpersuasive); *Morvant v. P.F. Chang's China Bistro, Inc.*, No. 11-

10  CV-05405-YGR, 2012 WL 1604851, *8-*9 & fn. 5 (N.D. Cal. May 7, 2012)

11  (holding that the "NLRB's decision is not binding upon this Court" and concluding

12  that *D.R. Horton* and the NLRA did not bar enforcement of arbitration agreements

13  containing class action waivers); *Jasso v. Money Mart Express, Inc.*, No. 11-CV-

14  5500-YGR, 2012 WL 1309171, *7  (N.D. Cal. Apr. 13, 2012) (rejecting *D.R.*

15  *Horton* and finding that the decision "is not binding on this Court.");

16  *Johnmohammadi v. Bloomingdales*, No. 11-CV-6434-GW, Sl. Op. at 2-4 (C.D. Cal.

17  Feb. 23, 2012) (granting motion to compel arbitration and rejecting plaintiff's

18  argument that the employer's arbitration agreement containing a class action wavier

19  violated the NLRA because the FAA vests in the courts – not the NLRB – the

20  responsibility to construe the FAA and to implement the congressional mandate to

21  enforce arbitration agreements according to their terms); *Sanders v. Swift Transp.*

22  *Co. of Arizona, LLC*, --- F. Supp. 2d ----, No. 10-CV-03739 NC, 2012 WL 523527,

23  *3 (N.D. Cal. Jan. 17, 2012) (granting motion to compel arbitration and finding that

24  "*Horton* is inapposite and therefore the Court will not consider it in determining the

25  motion"); *LaVoice v. UBS Fin. Servs., Inc.*, No. 11 CIV. 2308-BSJ-JLC, 2012 WL

26  124590, at *6 (S.D.N.Y. Jan. 13, 2012) (granting motion to compel arbitration and

27  declining to follow *Horton*).

28          Accordingly, *D.R. Horton* should be given no deference by this Court.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
IRVINE

DB2/ 23635282.3

17

MEMORANDUM IN SUPPORT OF MOTION TO
COMPEL ARBITRATION
12-CV-03308-PSG-PLAX

5.      The FAA and Supreme Court Authority Require Enforcement of Arbitration Agreements Containing Class Action Waivers.

*D.R. Horton* clearly contradicts the United States Supreme Court's unequivocal holding that the FAA requires enforcement of agreements to arbitrate employment claims "even if the arbitration could not go forward as a class action or class relief could not be granted by the arbitrator."  *Gilmer v. Interstate/Johnson Lane Corp.,* 500 U.S. 20, 32 (1991).  The Supreme Court's recent decision in *Concepcion* reaffirmed that the FAA requires the enforcement of an arbitration agreement that contains a class action waiver.  *Concepcion*, 131 S. Ct. 1740, 1748-49 (holding that FAA vests parties with "discretion in designing arbitration processes [ ] to allow for efficient, streamlined procedures tailored to the type of dispute," including processes that exclude class action procedures, and mandates as a "principal purpose" of the FAA the enforcement of those agreements "according to their terms").  As discussed above, numerous courts – including the Supreme Court – have found that the FAA requires the enforcement of class and collective action waivers of employment-related claims.  These authorities – not the *D.R. Horton* decision – are binding on this Court.

In *D.R. Horton*, the NLRB opines that *Gilmer* does not require enforcement of class and collective arbitration waivers because *Gilmer* contains an exception for cases where an arbitration agreement would cause a party to "forgo (*sic*) the substantive rights afforded by the statute."  357 NLRB No. 184, at 9.  The two NLRB members argued that agreements to arbitrate non-NLRA claims on an individual basis fall within this exception because they would deprive individuals of their rights under Section 7 of the NLRA.[3]  *Id.*  However, the Supreme Court in

---

[3] To the contrary, agreements to arbitrate non-NLRA claims on an individual basis do **not** require employees to forego any substantive rights under the NLRA.  The NLRA does not dictate the forum and procedures for adjudicating claims brought under statutes other than the NLRA.  *See 14 Penn Plaza LLC v. Pyett*, 556 U.S. 247, 129 S.Ct. 1456, 1464 (2009) ("'Judicial nullification of contractual concessions ... is contrary to what the Court has recognized as one of the

Morgan, Lewis & Bockius LLP
Attorneys At Law
Irvine

DB2/ 23635282.3

18

MEMORANDUM IN SUPPORT OF MOTION TO COMPEL ARBITRATION
12-CV-03308-PSG-PLAX

*Gilmer* made clear that proceeding as a class or collective action was **not** a substantive right falling within the exception; the *Gilmer* Court declared that employment claims must be arbitrated "even if the arbitration could not go forward as a class action or class relief could not be granted by the arbitrator." *Gilmer,* 500 U.S. at 32. The NLRB in *D.R. Horton* omitted this statement from *Gilmer* in its discussion of the case. Thus, the NLRB's attempt to avoid the application of *Gilmer* is unavailing. Not only is the NLRB's incorrect decision not applicable to this Court, but this Court is clearly bound by the precedent of *Gilmer* and *Concepcion.*

Even prior to *D.R. Horton*, every court that had decided the issue had ruled that the NLRA is **not** a bar to the enforcement of agreements to arbitrate non-NLRA claims on an individual basis. *See, e.g., Valle v. Lowe's HIW, Inc.*, No. 11-1489-SC, 2011 WL 3667441, at *5 (N.D. Cal. Aug. 22, 2011); *Grabowski v. C.H. Robinson*, 2011 WL 4353998, at *7-8 (S.D. Cal. Sept. 19, 2011); *Palacios v. Boehringer Ingelheim Pharm.*, 2011 WL 6794438, at *3 (S.D. Fl. Apr. 19, 2011); *Slawienski v. Nephron Phamaceutical Corp.*, No. 10-CV-0460-JEC, 2010 WL 5186622, at *2 (N.D. Ga. Dec. 9, 2010).

In addition to all the federal courts that have held that the NLRA is not a bar to the enforcement of agreements to arbitrate non-NLRA claims on an individual basis, even the NLRB's General Counsel – the very party litigating *D.R. Horton* on behalf of the employees – agreed with this position in his arguments to the Board in that case: "An employer has the right to limit arbitration to individual claims – as long as it is clear that there will be no retaliation for concertedly challenging the agreement." Acting General Counsel's Reply Brief, Case No. 12-CA-25764, at 2. And so did the prior General Counsel in Memorandum GC 10-06: "[N]o Section 7 right is violated when an employee possessed of an individual right to sue enters

fundamental policies of the National Labor Relations Act – freedom of contract.'").

Morgan, Lewis &
Bockius LLP
Attorneys At Law
Irvine

DB2/ 23635282.3

19

MEMORANDUM IN SUPPORT OF MOTION TO
COMPEL ARBITRATION
12-CV-03308-PSG-PLAX

1    such a *Gilmer* agreement as a condition of employment…."[4]

2                   6.      The Norris-LaGuardia Act is Inapplicable.

3           The NLRB's attempt to interpret the Norris-LaGuardia Act is patently

4    wrong.  The Norris-LaGuardia Act is an anti-injunction statute which deprives

5    courts of jurisdiction to issue injunctions in labor disputes, except under very

6    specific exceptions.  This case is not an injunction proceeding and the Norris-

7    LaGuardia Act is simply inapplicable to this case.  The NLRB's characterization of

8    the right to engage in class and collective legal actions as "the core substantive

9    right" protected by federal labor policy, as set forth in the Norris-LaGuardia Act, is

10   baseless given that when the Norris-LaGuardia Act was passed in 1932,

11   employment class and collective actions did not exist.  The NLRB's argument that

12   a class and collective action waiver runs afoul of the Norris-LaGuardia Act's

13   prohibition against "yellow-dog" contracts lacks all merit and contradicts the

14   statute's express terms.  The "yellow-dog" contracts specifically defined in the

15   Norris-LaGuardia Act are limited to contracts not to join a union or to quit

16   employment if one becomes a member of a union.  29 U.S.C. § 103(a), (b).

17   Although the Norris-LaGuardia Act may prohibit minor variations on the "yellow-

18   dog" contract, such as an agreement to report union activities, agreements to

19   arbitrate non-NLRA claims on an individual basis simply do **not** fall within the

20   contracts the Norris-LaGuardia Act covers as expressly set forth in that statute.

21           The NLRB's related argument that the Norris-LaGuardia Act partially

22

23   _____

      [4] The two Board members' arguments to the contrary are unavailing.  They claim
24   that "from its earliest days" the Board has "found unlawful employer-imposed,
      individual agreements that purport to restrict Section 7 rights."  357 NLRB No.
25   184, at 4.  However, the cases the Board cited in support of this statement deal with
      contracts intended to thwart the core protections of Section 7 of the NLRA by
26   preventing workers from, for example, asking for wage increases, striking, or
      engaging in union organization.  *Id.*  These contracts in no way resemble
27   agreements for the adjudication of non-NLRA claims.
28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
IRVINE

DB2/ 23635282.3

20

MEMORANDUM IN SUPPORT OF MOTION TO
COMPEL ARBITRATION
12-CV-03308-PSG-PLAX

repealed the FAA over 80 years ago (a fact apparently just discovered in 2012) also is without merit.  Federal courts have held for decades that the Norris-LaGuardia Act permits federal courts to enforce agreements other than "yellow-dog" contracts, including agreements to arbitrate.  *See, e.g., Local 205 v. Gen. Elec. Co.*, 233 F.2d 85, 90 (1st Cir. 1956) ("[I]t is our conclusion that jurisdiction to compel arbitration is not withdrawn by the Norris-LaGuardia Act.").  Neither the arbitration agreements at issue here nor the agreement at issue in *D.R. Horton* were "yellow-dog" contracts, and the Norris-LaGuardia Act therefore does not apply.

In sum, *D.R. Horton* is invalid, inapplicable, not entitled to any deference by this Court, and wrong on the law in multiple ways.  Federal courts have all now ruled that the NLRA is not a bar to the enforcement of agreements to arbitrate non-NLRA claims on an individual basis both before and after *D.R. Horton*.  This Court should enforce Plaintiff's BAA and compel individual arbitration of his claims.

## IV.   THE COURT SHOULD DISMISS PLAINTIFF PENDING ARBITRATION.

Where, as here, a dispute is subject to arbitration under the terms of a written agreement, the district court shall "stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement."  9 U.S.C. § 3.  The Ninth Circuit, however, has held that courts have discretion under Section 3 of the FAA to dismiss claims that are subject to an arbitration agreement.  *See Sparling v. Hoffman Constr. Co.,* 864 F. 2d 638, 638 (9th Cir. 1988) (affirming dismissal of claims subject to arbitration).  Because Plaintiff's employment-related claims are subject to arbitration, the Court should bar Plaintiff from bringing his respective claims in this judicial forum and dismiss these proceedings.

Alternatively, Chase requests that the Court stay this action pending the conclusion of arbitration.  9 U.S.C. § 3 ("[T]he court . . . upon being satisfied that the issue . . . is [referable] to arbitration . . . shall on application of one of the parties stay the trial of the action until such arbitration has been had.").

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
IRVINE

DB2/ 23635282.3

21

MEMORANDUM IN SUPPORT OF MOTION TO
COMPEL ARBITRATION
12-CV-03308-PSG-PLAX

1

## V.   __CONCLUSION__

2      Because Plaintiff's BAA is enforceable, and Plaintiff has refused to arbitrate,

3 the Court should order Plaintiff to comply with his valid BAA and pursue his

4 employment-related claims in arbitration on an individual basis only.  Chase also

5 requests that the Court dismiss or stay this action.

6

7 Dated:   December 3, 2012                    MORGAN, LEWIS & BOCKIUS LLP

8                                             By    /S/ Carrie A. Gonell
9                                                   Carrie A. Gonell

10                                            Attorneys for Defendant
                                              JPMORGAN CHASE BANK, N.A.
11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
IRVINE

DB2/ 23635282.3

22

MEMORANDUM IN SUPPORT OF MOTION TO
COMPEL ARBITRATION
12-CV-03308-PSG-PLAX